UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KAY ELIZABETH STAHL                CIVIL ACTION NO. 17-cv-0912

VERSUS                              JUDGE JAMES

AMERICAN FAMILY MUTUAL              MAGISTRATE JUDGE HORNSBY
INSURANCE CO., ET AL

**MEMORANDUM ORDER**

American Family removed this case based on an assertion of diversity jurisdiction, which puts the burden on American Family to allege specific facts that demonstrate that there is complete diversity of citizenship and the amount in controversy exceeds $75,000. The facts set forth in the notice of removal do not satisfy that burden, so American Family will need to file an amended notice of removal and attempt to set forth the necessary facts.

The notice of removal appears to adequately allege the citizenship of all parties except Saber Transport, LLC. The notice of removal states that Saber is a foreign limited liability company licensed and doing business in Missouri. American Family asserts that this means Saber is a citizen of Missouri. That is not correct.

The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however

many layers of members or partners there may be.  <u>Feaster v. Grey Wolf Drilling Co.</u>, 2007 WL 3146363 (W.D. La. 2007).  The court has explained the need for such detail in cases such as <u>Burford v. State Line Gathering System, LLC</u>, 2009 WL 2487988 (W.D. La. 2009) and <u>Adams v. Wal-Mart Stores, Inc.</u>, 2014 WL 2949404 (W.D. La. 2014).

The Fifth Circuit has recently emphasized the importance of alleging the details of citizenship with specificity at an early stage of the case.  <u>Settlement Funding, LLC v. Rapid Settlements, Limited</u>, 851 F.3d 530 (5th Cir. 2017).  The court realizes that American Family may not yet be in communication with counsel or other principal for Saber, so American Family may not be able to obtain the required citizenship information at this time.  Accordingly, the deadline for filing an amended notice of removal is 14 days after Saber makes it first appearance through counsel in this case.

With respect to the amount in controversy, the notice of removal points to the plaintiff's rather generic allegations in the petition and notes that the plaintiff did not, when given the opportunity, stipulate that her damages were less than $75,000.  American Family should take the opportunity of the amended notice of removal to plead its best case with respect to the amount in controversy.  The court has remanded similar removed cases.  <u>See</u>, e.g., <u>Contario v. Ball</u>, 2017 WL 3015812 (W.D. La. 2017); <u>Wilson v. Hochheim Prairie Cas. Ins. Co.</u>, 2014 WL 508520 (W.D. La. 2014).  The plaintiff's refusal to stipulate to a lower amount in controversy is entitled to some weight in the assessment, but it is not dispositive.  <u>Taylor v. Cheddar's Casual Café, Inc.</u>, 2015 WL 3620190, *4 (W.D. La. 2015).

Plaintiff is encouraged to promptly obtain service or waiver of service from all defendants so that this and other preliminary issues may be resolved promptly.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of July, 2017.

Mark L. Hornsby
U.S. Magistrate Judge